IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation organized under an Act of Congress on July 24, 1970, through the Enactment of Title III of the Emergency Home Finance Act of 1970, | ) ) ) ) ) ) ) ) | CIVIL 15-00003 LEK-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SKYE KAPENAOKALANI GRIEP, an individual, TAILENE NICHOLETTE GRIEP, an individual, and DOES 1 through 25, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT ON COUNT 1 OF PLAINTIFF'S COMPLAINT**

On August 20, 2015, Plaintiff Federal Home Loan Mortgage Corporation, a corporation organized under an Act of Congress on July 24, 1970, through the Enactment of Title III of the Emergency Home Finance Act of 1970 ("Plaintiff" or "Freddie Mac"), filed its Motion for Summary Judgment on Count 1 of Plaintiff's Complaint ("Motion").  [Dkt. no. 23.]  On October 19, 2015, Plaintiff submitted a reply to notify the Court that pro se Defendants Skye Kapenaokalani Griep and Tailene Nicholette Griep ("Defendants") did not file any opposition, and to urge the Court to grant the Motion.  [Dkt. no. 26.]

In an Entering Order filed on October 26, 2015, the Court granted the Motion and vacated the hearing on the Motion, originally scheduled for November 2, 2015 at 10:30 a.m. ("10/26/15 EO Ruling"). [Dkt. no. 27.] The instant Order supersedes the 10/26/15 EO Ruling. After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

In December 2007, IndyMac Bank, Federal Savings Bank ("F.S.B.") ("IndyMac"), gave Defendants a loan for $344,000, which was secured by a mortgage on the property at 117 Papalina Road, Kalaheo, Hawai`i 96741 ("the Property"). [Complaint for: (1) Cancellation of Written Instrument; (2) Slander of Title; and (3) Quiet Title ("Complaint"), filed 1/6/15 (dkt. no. 1), at ¶¶ 5-6.] On December 31, 2007, IndyMac recorded the mortgage with the State of Hawai`i, Bureau of Conveyances ("BOC") as Document Number 2007-223927. [Id. at ¶ 6.] On July 30, 2010, the mortgage was assigned to OneWest Bank F.S.B. ("OneWest"), and the assignment was properly recorded as Document Number 2010-108738. [Id. at ¶ 8.] Subsequently, Defendants defaulted on their mortgage; on March 9, 2011, Plaintiff purchased the Property at a foreclosure sale ("3/9/11 Sale"); and on April 5, 2011, Plaintiff recorded the Quitclaim Deed as Document Number

2011-055650 ("Deed").  [Id. at ¶ 9.]  The Deed "conveyed all title and interest in the Subject Property to Plaintiff."  [Id.] "[O]n May 18, 2011, Defendants recorded a Notice of Defect of Title" ("Notice") "in the BOC as Document Number 2011-080312." [Id. at ¶ 10.]

Plaintiff alleges the Notice "wrongfully and fraudulently states that Defendants have title to the Property 'with right to remedy' and that there is a defect in the Property's title."  [Id.]  Further, Plaintiff argues that the Notice "wrongfully and fraudulently clouds Plaintiff's title, and therefore is a 'lien' under [Haw. Rev. Stat.] § 507D-2" and that "Defendants lacked any basis in fact or law to record the Notice."  [Id. at ¶¶ 15-16.]  Plaintiff also asserts that the Notice "is frivolous under [Haw. Rev. Stat.] § 507D-2" and is a "nonconsensual common law lien within the meaning of [Haw. Rev. Stat.] Chapter 507D."  [Id. at ¶¶ 17-18.]  If the Notice "is not cancelled[,]" "Plaintiff will be unable to exercise its rights as owner of the Property."  [Id. at ¶ 20.]

The Motion asks this Court to:  (1) grant summary judgment for Plaintiff on Count 1,[1] thus cancelling the Notice; (2) declare that the Notice is frivolous; (3) strike the Notice from the BOC's records *nunc pro tunc*; (4) order Defendants to pay

---

[1] Count 1 seeks the "[c]ancellation of written instruments against all Defendants under [Haw. Rev. Stat.] Chapter 507D." [Complaint at pg. 6.]

the statutory-based $5,000, plus attorneys' fees and costs; and (5) enjoin Defendants from filing liens in the BOC.  [Mem. in Supp. of Motion at 8.]  Plaintiff also seeks final judgment under Fed. R. Civil P. 54(b).  [Motion at 3.]

## **DISCUSSION**

Plaintiff brings the instant suit pursuant to, *inter alia*, Haw. Rev. Stat. § 507D-4(a),[2] which states, in relevant part:

> Any party in interest in real or personal property which is subject to a claim of nonconsensual common law lien, who believes the claim of lien is invalid, may file a petition in the appropriate circuit court to contest the validity of that purported lien and to enjoin the lien claimant from making further filings with the registrar. The petition shall state the grounds upon which relief is requested, and shall be supported by the affidavit of the petitioner or the petitioner's attorney setting forth a concise statement of the facts upon which the petition is based. . . .

While, on its face, the statute requires an affected party to file a petition in state circuit court, Plaintiff correctly points out that this language does not divest this Court of jurisdiction.  See, e.g., Olson v. Lui, Civ. No. 10-00691 ACK-RLP, 2012 WL 39293, at *2 n.1 (D. Hawai`i Jan. 6, 2012)

---

[2] In passing § 507D, the legislature sought to remedy "a problem with the recording at the land court or the bureau of conveyances of invalid instruments which purport to affect the property interests of various persons . . . .  These instruments, which have no basis in fact or law, have a seriously disruptive effect on property interests and title."  Haw. Rev. Stat. § 507D-1.

("Nothing in Chapter 507D confers exclusive jurisdiction on the state circuit court.").

A nonconsensual common law lien: "(1) Is not provided for by a specific statute; (2) Does not depend upon, require by its terms, or call for the consent of the owner of the property affected for its existence; and (3) Is not a court-imposed equitable or constructive lien." § 507D-2. Further, "[a]ny claim of nonconsensual common law lien against a private party in interest shall be invalid unless accompanied by a certified order from a state or federal court of competent jurisdiction authorizing the filing of nonconsensual common law lien." Haw. Rev. Stat. § 507D-5(b).

> Finally, if a court finds that the lien is invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees. This order shall be presented to the registrar for recordation and shall have the effect of voiding the lien from its inception. If the circuit court finds the purported lien is frivolous, the prevailing party in any action brought under section 507D-4 shall be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater. The foregoing award shall be made in the form of a joint and several judgment issued in favor of the prevailing party and against each lien claimant and also against each person who owns or controls the activities of the lien claimant if the lien claimant is not a natural person.

Haw. Rev. Stat. § 507D-7(a). The Court may also preclude the party that filed the improper lien from filing **any** lien without

"leave of court" for five years.  § 507D-7(b) (emphasis added).

Under Fed. R. Civ. P. 56, "[s]ummary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial."  Rodriquez v. Gen. Dynamics Armament & Tech. Prods., Inc., 696 F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (citing Celotex v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)).  "A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  Id. (citing Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000)).  Once the moving party meets its initial burden, "the 'burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial.'" Id. (quoting Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006)).  When "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may" "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

Defendants did not file an opposition or any response to Plaintiff's Motion.  A pro se party is held to a less stringent standard than a party that is represented by an attorney, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held "to less stringent standards

than formal pleadings drafted by lawyers"); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), but pro se litigants are not excused from following rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), *overruled on other grounds by* Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012).  The Court may not grant a motion for summary judgment "simply because the [pro se] nonmoving party does not file opposing material."  Winchester-Sye v. Cty. of Hawaii, Civ. No. 12-00592 ACK-KSC, 2014 WL 5465308, at *3 n.3 (D. Hawai`i Oct. 27, 2014) (some citations omitted) (citing Marshall v. Gates, 44 F.3d 722, 723-25 (9th Cir. 1995)).  The Court "may, however, grant summary judgment when the unopposed moving papers are sufficient on their face and show that no issues of material fact exist." Id. (some citations omitted) (citing Henry v. Gill Indust. Inc., 983 F.2d 943, 950 (9th Cir. 1993)).

**I.   The Notice**

It is clear to the Court that Plaintiff has met its initial burden, and has shown that there is no issue of material fact.  Plaintiff states that it "purchased the Property at the foreclosure auction and there is a Quitclaim Deed in its favor," and asserts that Defendants cannot show that they have "any other rights in the Property sufficient to justify clouding Freddie Mac's title."  [Mem. in Supp. of Motion at 5.]  Plaintiff supports its Motion with:  Defendants' mortgage; [Pltf.'s Concise

Statement, filed 8/20/15 (dkt. no. 24), Decl. of Kee M. Campbell ("Campbell Decl."), Exh. 1;] the assignment of the mortgage to OneWest; [id., Exh. 2;] Plaintiff's Deed, received after purchase of the Property at the 3/9/11 Sale; [id., Exh. 3;] the Notice; [id., Exh. 4;] and a Status Report from Title Guaranty of Hawaii, Inc. ("Status Report"), which shows that the Notice clouds Plaintiff's title to the Property [id., Exh. 5].[3]  The court FINDS that Defendants filed a nonconsensual common law lien without the necessary court order, in violation of Haw. Rev. Stat. § 507D-5(b).[4]  See, e.g., Connors v. Cassidy, No. 28070,

---

[3] The Status Report shows that Plaintiff has title to the Property subject to some exceptions, including the Notice at issue in the instant Motion. [Campbell Decl., Exh. 5 at 1-2.] Thus, the Notice is a lien because it "creates an encumbrance on or affects title or ownership of property." See § 507D-2.

[4] The text of § 570D-5(b) states what is required for "[a]ny claim of nonconsensual common law lien against a private party in interest."  While no court has looked at whether Freddie Mac is a private party for purposes of § 507D-5(b), many courts, including this district court, have considered this issue in other contexts:

> In Lebron v. National Railroad Passenger Corp., 513 U.S. 374, 400 (1995), the Supreme Court held that government-created corporations like Freddie Mac are federal governmental actors if they are created by special law for the furtherance of governmental objectives and if the government has permanent authority to appoint a majority of the directors of the corporation. Applying this holding of Lebron, the Ninth Circuit has concluded "that Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process clause." Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 75 F.3d 1401, 1409
>                                                       (continued...)

2009 WL 924511 (Haw. Ct. App. Apr. 7. 2009) ("The Circuit court correctly expunged the illegal lien recorded in the Bureau of Conveyances by Cassidy.  Cassidy's lien was a nonconsensual common law lien. . . . [and he failed] to attach a court order authorizing the filing of the lien." (citations omitted)).  The Court GRANTS the Motion insofar as the Court ORDERS that the Notice, recorded with the BOC as Document Number 2011-080312, be INVALIDATED AND EXPUNGED.

## II.  **Other Requests for Relief**

Plaintiff also seeks a determination that the lien is "frivolous," and the mandatory award of "costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater," § 507D-7(a), as well as an injunction preventing Defendants from "further filings of any kind with the registrar" for five years.  § 507D-7(b).  Section 507D-2 defines

---

⁴(...continued)
(9th Cir. 1996).

>   This Court notes that Am. Bankers was issued before [the Federal Housing Finance Agency ("FHFA")], a federal agency, became Freddie Mac's conservator in 2008.  However, numerous district courts have held that Freddie Mac, and similar entity Federal Nation Mortgage Association ("Fannie Mae"), which was also placed into FHFA's conservatorship, did not become federal governmental actors post-conservatorship.

Fed. Home Loan Mortg. Corp. v. Kama, Civil No. 14-00137 ACK-KSC, 2014 WL 4980967, at *16 (D. Hawai`i Oct. 3, 2014) (some citations omitted).

frivolous as "without any basis in law or fact."  Plaintiff asserts that the Notice "wrongly states that [Defendants] have title to the Property 'with right to remedy' an alleged defect in the Property's title."  [Mem. in Supp. of Motion at 5.]

The Notice itself states that Defendants retained Laulima Title Search & Claims, LLC ("Laulima Title") to investigate the Property's title, and "the investigation concluded the aforementioned deed of conveyance was not lawfully executed for want of a competent notary public and registrar of the Bureau of Conveyance pursuant to Section 1267 and 1249, respectively, of the Compiled Laws of the Hawaiian Kingdom." [Campbell Decl., Exh. 5 at 1-2.]  This argument fails as a matter of law.  See, e.g., Baker v. Stehura, Civ. No. 09-00615 ACK-BMK, 2010 WL 3528987, at *4 (D. Hawai`i Sept. 8, 2010) ("Plaintiffs argue that the foreclosure action is voidable because Hawai`i courts do not have jurisdiction over them as residents of the Kingdom of Hawai`i.  This argument has been rejected by the Ninth Circuit as well as this Court on repeated occasions. . . . The Hawai`i state courts have reached the same conclusion." (some citations omitted) (citing United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993); Wang Foong v. United States, 69 F.2d 681, 682 (9th Cir. 1934))).

This Court has already found that Defendants did not follow lawful procedure when they filed the Notice. Moreover, the Notice itself is based on an invalid legal argument. In filing the Notice, however, Defendants relied on representations from Laulima Title, and were, thus, misled by a third party. Therefore, this Court cannot conclude that the Notice is "frivolous."[5]

The Court FINDS that the Notice is not frivolous, and DENIES the Motion as to Plaintiff's request that the Court order payment of $5,000 and enjoin Defendants from "filings of any kind with the registrar" for five years. See § 507D-7(b). To the extent that Plaintiff request attorneys' fees and costs, the

---

[5] To the extent that Plaintiff cites Olson v. Liu, Civ. No. 10-00691 ACK-RLP, 2012 WL 830288, at *1-2 (D. Hawai`i Mar. 8, 2012), for the proposition that, under § 507D-7(a)-(b), "frivolous" must be determined using an objective standard, it overstates the ruling. In Olson, the district court stated "there is no guidance from Hawaii's appellate courts[] whether frivolousness in this context is determined objectively," and, further, the defendant in Olson "agree[d] that whether a lien is frivolous must be determined using an objective standard." Id. at *1 (citation omitted). While the district court in Olson discusses why, in its opinion, an objective standard adheres more closely to the intent and purpose of the statute, it found that the liens at issue in the case would be frivolous under both an objective and subjective standard. Id. at *2. It is also worth noting that the liens in Olson were determined to be invalid on multiple occasions – a fact that is not present in the instant matter. See id. (Explaining that "[e]very court to consider the question has ruled that [d]efendants have no interest in the Subject Property," "two separate ejectment actions established that [defendant] and his followers were not entitled to occupy the Subject Property," and "[defendant] has had at least two criminal convictions for trespass on the Subject Property.").

Court DECLINES to address this issue at this time.  After judgment is entered on all claims, Plaintiff may move for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d).

Finally, Plaintiff requests that the Court grant final judgment as to Count 1.  [Motion at 3.]  In addition to Count 1, Plaintiff seeks relief for Slander of Title ("Count 2") and Quiet Title ("Count 3").  [Complaint at ¶¶ 23-27, 28-34.]  In Algal Partners, L.P. v. Santos, this Court considered a request for entry of final judgment on a quiet title claim when a slander of title claim was still undecided.  Civil No. 13-00562, 2014 WL 2800771, at *3 (D. Hawai`i June 19, 2014).  This Court stated,

> this is not a complex case or one where there is an "important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims."  See [Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005)] (footnote omitted).  This "similarity of legal [and] factual issues [] weigh[s] heavily against entry of judgment under [Rule 54(b)]. . . ."  See id. (some alterations in Wood) (citation and quotation marks omitted).  The Court thus finds that judgment under Rule 54(b) in favor of Plaintiff is not "in the interest of sound judicial administration," and may result in unnecessary piecemeal appeals.  See Curtiss-Wright[ Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)]; see also, e.g., Wheeler v. Hilo Med. Ctr., Inc., Civil No. 09-00533 JMS/KSC 2010 WL 4273095 (D. Hawai`i Oct. 21, 2010) (denying separate judgment where court found substantial factual and legal overlap and that the case was not complex).

Id. (some alterations in original).  Here, too, the Court FINDS that the case is not particularly complex, the legal and factual issues are similar, and a grant of final judgment would not be

"in the interest of sound judicial administration." <u>See</u> <u>id.</u> (citations and internal quotation marks omitted).  The Court, therefore, DENIES the Motion as to Plaintiff's request for entry of final judgment.

### **CONCLUSION**

On the basis of the foregoing, Plaintiff Federal Home Loan Mortgage Corporation's Motion for Summary Judgment on Count 1 of Plaintiff's Complaint, filed August 20, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the Court ORDERS that the Notice, recorded with the BOC as Document Number 2011-080312, be INVALIDATED AND EXPUNGED.  The Motion is DENIED as to:  (1) Plaintiff's request that the Court order payment of $5,000 and enjoin Defendants from filing with the registrar for five years; (2) Plaintiff's request for attorneys' fees and costs; and (3) Plaintiff's request for entry of final judgment.  The denial of the request for attorneys' fees and costs is without prejudice to the filing of the appropriate motion after the entry of judgment on all claims.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 18, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FEDERAL HOME LOAN MORTGAGE CORPORATION VS. SKYE KAPENAOKALANI GRIEP, ET AL; CIVIL 15-00003 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT 1 OF PLAINTIFF'S COMPLAINT**