IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FEDERAL HOME LOAN MORTGAGE      )    CIVIL 15-00003 LEK-KSC
CORPORATION, a corporation      )
organized under an Act of       )
Congress on July 24, 1970,      )
through the Enactment of        )
Title III of the Emergency      )
Home Finance Act of 1970,       )
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
SKYE KAPENAOKALANI GRIEP, an    )
individual, TAILENE             )
NICHOLETTE GRIEP, an            )
individual, and DOES 1          )
through 25, inclusive,          )
                                )
          Defendants.           )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF VOLUNTARY
DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S REMAINING CLAIMS**

        On December 10, 2015, Plaintiff Federal Home Loan

Mortgage Corporation, a corporation organized under an Act of

Congress on July 24, 1970, through the Enactment of Title III of

the Emergency Home Finance Act of 1970 ("Plaintiff"), filed its

Motion for Order of Voluntary Dismissal Without Prejudice of

Plaintiff's Remaining Claims ("Motion"). [Dkt. no. 31.]  In an

entering order filed on December 11, 2015 ("12/11/15 EO"), the

Court directed pro se Defendants Skye Kapenaokalani Griep and

Tailene Nicholette Griep ("Defendants") to file a letter brief

addressing whether or not they object to the Motion by

December 28, 2015.  [Dkt. no. 32.]  Defendants did not respond to

the 12/11/15 EO.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, the supporting memorandum, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

<u>**BACKGROUND**</u>

In December 2007, Defendants secured a loan of $344,000.00 from IndyMac Bank, F.S.B. ("IndyMac"), with a mortgage against their property at 117 Papalina Road, Kalaheo, Hawai`i 96741 ("the Property").  [Complaint for: (1) Cancellation of Written Instrument; (2) Slander of Title; and (3) Quiet Title ("Complaint"), filed 1/6/15 (dkt. no. 1), at ¶¶ 5-6.]  On December 31, 2007, IndyMac recorded the mortgage with the State of Hawai`i, Bureau of Conveyances ("BOC") as Document Number 2007-223927.  [<u>Id.</u> at ¶ 6.]  On July 30, 2010, the mortgage was assigned to OneWest Bank, F.S.B. ("OneWest"), and the assignment was properly recorded as Document Number 2010-108738.  [<u>Id.</u> at ¶ 8.]  Subsequently, Defendants defaulted on their mortgage; on March 9, 2011, Plaintiff purchased the Property at a foreclosure sale ("3/9/11 Sale"); and on April 5, 2011, Plaintiff recorded the Quitclaim Deed as Document Number 2011-055650 ("Deed").  [<u>Id.</u>

2

at ¶ 9.]  The Deed "conveyed all title and interest in the

Subject Property to Plaintiff."  [Id.]  "[O]n May 18, 2011,

Defendants recorded a Notice of Defect of Title" ("Notice") "in

the BOC as Document Number 2011-080312."  [Id. at ¶ 10.]

On August 20, 2015, Plaintiff filed a Motion for

Summary Judgment on Count 1 of Plaintiff's Complaint ("Motion for

Summary Judgment").  [Dkt. no. 23.]  In its Order Granting in

Part and Denying in Part Plaintiff's Motion for Summary Judgment

on Count 1 of Plaintiff's Complaint, filed on November 18, 2015

("11/18/15 Order"), the Court granted the Motion for Summary

Judgment insofar as it ordered that the Notice be invalidated and

expunged.  [Dkt. no. 30.]  The Court denied the motion as to:

"(1) Plaintiff's request that the Court order payment of $5,000

and enjoin Defendants from filing with the registrar for five

years; (2) Plaintiff's request for attorneys' fees and costs; and

(3) Plaintiff's request for entry of final judgment."[1]  [11/18/15

Order at 13.]

The Motion seeks dismissal of the remaining claims,

Slander of Title (Count 2) and Quiet Title (Count 3), pursuant to

Fed. R. Civ. P. 41(a)(2).  Plaintiff asserts that Defendants

"will not be prejudiced by the voluntary dismissal of the

---

[1] The Court notes that its denial of Plaintiff's request for
attorneys' fees and costs was without prejudice, and the Court
gave Plaintiff leave to file the appropriate motion for
attorneys' fees and costs after final judgment is entered on all
claims.  [11/18/15 Order at 13.]

remaining claims." [Mem. in. Supp. of Motion at 3.] Further,
Plaintiff states that "dismissal of those claims will bring this
matter to a close." [Id.] Plaintiff explains that it contacted
Defendants to ask them to stipulate to the dismissal of the
remaining claims, but Defendants did not respond. [Motion, Decl.
of Kee M. Campbell, at ¶¶ 3-4.]

## STANDARD

This district court has stated:

> Rule 41(a)(1) of the Federal Rules of Civil
> Procedure permits a plaintiff to dismiss an action
> without a court order by filing a notice of
> dismissal before the opposing party serves either
> an answer or a motion for summary judgment. When
> . . . an opposing party has served a motion for
> summary judgment, a plaintiff may voluntarily
> dismiss an action only by court order pursuant to
> Rule 41(a)(2) of the Federal Rules of Civil
> Procedure. Rule 41(a)(2) states: "Except as
> provided in Rule 41(a)(1), an action may be
> dismissed at the plaintiff's request only by court
> order, on terms that the court considers proper."

> "A motion for voluntary dismissal under Rule
> 41(a)(2) is addressed to the district court's
> sound discretion[.]" Stevedoring Servs. of Am. v.
> Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.
> 1989). "The purpose of the rule is to permit a
> plaintiff to dismiss an action without prejudice
> so long as the defendant will not be prejudiced,
> or unfairly affected by dismissal." Id.
> (citations omitted). Therefore, "[a] district
> court should grant a motion for voluntary
> dismissal under Rule 41(a)(2) unless a defendant
> can show that it will suffer some plain legal
> prejudice as a result." Smith v. Lenches, 263
> F.3d 972, 975 (9th Cir. 2001) (citations omitted).

> "Legal prejudice" is "prejudice to some legal
> interest, some legal claim, [or] some legal
> argument." Id. at 976. (internal quotation marks

and citation omitted).  "Uncertainty because a
dispute remains unresolved" or "the threat of
future litigation which causes uncertainty" does
not constitute ["]plain legal prejudice."
<u>Westlands Water Dist. v. United States</u>, 100 F.3d
94, 96-97 (9th Cir. 1996).  "Also, plain legal
prejudice does not result merely because the
defendant will be inconvenienced by having to
defend in another forum or where a plaintiff would
gain a tactical advantage by that dismissal."
<u>Smith</u>, 263 F.3d at 976.

<u>Egan v. Singer</u>, Civil No. 14-00177 SOM/BMK, 2014 WL 4230879, at

*1 (D. Hawai`i Aug. 27, 2014) (some alterations in <u>Egan</u>)

(footnote omitted).

## DISCUSSION

It is clear to the Court that Defendants will not

suffer any legal prejudice as a result of granting the instant

Motion.  The 12/11/15 EO gave Defendants an opportunity to object

to the Motion and point out any prejudice they believe they will

suffer, and Defendants did not respond.  Moreover, this case is

still in the motion practice stage, and, to date, only two

motions have been filed.[2]  <u>See Hasegawa v. State of Hawaii</u>, No.

CV 10-00745 DAE-BMK, 2011 WL 20200715, at *4 (D. Hawai`i May 24,

2011) (granting a motion to dismiss brought pursuant to Rule

41(a)(2) because, *inter alia*, "this case has not yet been

prepared for trial and has not even gone past motions practice"

and "[n]o pretrial statement has been filed and trial preparation

---

[2] The two motions – the Motion for Summary Judgment and the
instant Motion – were both filed by Plaintiff.

has not commenced").

The Motion is therefore GRANTED, and Counts 2 and 3 are HEREBY DISMISSED WITHOUT PREJUDICE.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff's Motion for Order of Voluntary Dismissal Without Prejudice of Plaintiff's Remaining Claims, filed December 10, 2015, is HEREBY GRANTED and Counts 2 and 3 are DISMISSED WITHOUT PREJUDICE.

There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to enter judgment and close the case on **January 28, 2016**, unless Plaintiffs file a motion for reconsideration of this Order by **January 25, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 8, 2016.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FEDERAL HOME LOAN MORTGAGE CORP. VS. SKY6 KAPENAOKALANI GRIEP, ET AL; CIVIL 15-00003 LEK-KSC; ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S REMAINING CLAIMS**